UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAVAD AGHALOO (1),<br><br>Defendant. | Case No. 23CR0616-JO<br><br>[~~PROPOSED~~] PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Indictment, the United States sought forfeiture of all right, title, and interest in specific properties of Defendant JAVAD AGHALOO ("Defendant"), pursuant to Title 18, United States Code, Section 982(a)(7) as any property, real and personal, that constitutes and are derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses in the violation of Title 18, United States Code, Sections 371 as charged in Count 1 of the Indictment, 1347 as charged in Counts 2-7 of the Indictment, and Title 42, United States Code, Section 1320a-7b(b)(2)(A), as charged in Counts 8 through 13 in the Indictment; and

WHEREAS, on October 3, 2023, Defendant pled guilty before United States Magistrate Judge Michael S. Berg to the offenses set forth in Count 1 of the Indictment, and consented to the forfeiture allegations of the Indictment, and agreed to the forfeiture of all properties seized in connection with the case, and to the forfeiture of the following specific properties, which Defendant agrees he is the owner of and which

are forfeitable to the United States pursuant to Title 18, United States Code, Section 982(a)(7):

    a.   $1,428,717.56 in funds from Acct ending in 5622 held in the name of Javad S. Aghaloo, DDS, a Professional Corporation, d/b/a Southwest Dental Group at Wells Fargo bank;

    b.   $27,657.13 in funds from Acct ending in 5275 held in the name of Aghaloo DDS Incorporation, Shadow Group at Wells Fargo bank;

    c.   2017 BMW M6, VIN: WBS6E9C31HG437524 CAL License Platw K429A0;

    d.   Real property located at 325 7th Avenue, Unit 1207, San Diego, California 92101 including all appurtenances, improvements, and attachments thereon, more particularly described as:

        APN: 535-563-37-15

        LEGAL DESCRIPTION:

        PM19494 PAR 2*US1207PER DOCS06-331566&07-575990&UND INT IN.

    e.   Real property located at 2267 Aurora Court, El Centro, California 92243 including all appurtenances, improvements, and attachments thereon, more particularly described as:

        APN: 052-455-028-000

        LEGAL DESCRIPTION:

        LOT 11A COC-LLA DESERT ESTATES SUB UNIT NO 4 CITY OF EL CENTRO.

    f.   Real property located at 82602 Tivoli Lane, Indio, California 92203 including all appurtenances, improvements, and attachments thereon, more particularly described as:

        APN: 692-200-066

        LEGAL DESCRIPTION:

.19 ACRES ]NET IN LOT 66 MB 348/001 TR 31072 Lot 66 SubdivisionName TR 31072 Acres 000.19 NET LotType Lot RecMapType Map Book MapPlatB 348 MapPlatP 001.

g. Real property located at 1502 South La Brucherie Road, El Centro, California 92243 including all appurtenances, improvements, and attachments thereon, more particularly described as:

APN: 052-453-068-000

LEGAL DESCRIPTION:

LOT 2 BLK 1 LA DONNA VILLAGE SUB 1 & VACATED ALLEY.

WHEREAS, as part of Defendant's guilty plea as set forth in the plea agreement and financial addendum, Defendant further agreed to the entry of a personal forfeiture money judgment against Defendant in an amount up to $8,476,466.23 as gross proceeds traceable to the commission of the offenses set forth in Count 3, for which Defendant personally received from the criminal offenses and which is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(7), 981 (a)(1)(C), and Title 28, United States Code, Section 2461(c).

WHEREAS, by virtue of the admissions of Defendant as set out in the plea agreement, the financial addendum, and guilty plea, the Court hereby determines that the specific properties listed represent gross proceeds traceable to the commission of the offenses and are subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(7), 981 (a)(1)(C), and Title 28, United States Code, Section 2461(c).

The Court hereby further determines that the forfeiture money judgment of $8,476,466.23 represents gross proceeds traceable to the commission of the offenses and which Defendant personally received from the offenses; and

WHEREAS, by virtue of the facts set forth in the plea agreement and financial addendum and guilty plea, the Court finds that the United States has established the requisite nexus between the offenses of conviction and the specific properties listed and the forfeiture money judgment of $8,476,466.23; and

1  WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture in its favor against the Defendant in the amount of $8,476,466.23, pursuant to Title 18, United States Code, Section 982(a)(7), 981 (a)(1)(C), and Title 28, United States Code, Section 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, the Defendant agrees that the provisions for the substitution of assets as provided in Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p) exist, and that the United States may take immediate enforcement actions to collect the full amount of the forfeiture money judgment; and

WHEREAS, by virtue of said guilty plea, the United States in now entitled to possession of the above-referenced specific properties listed pursuant to Title 18, United States Code, Section 982(a)(7), 981 (a)(1)(C), and Title 28, United States Code, Section 2461(c); and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced specific properties listed herein as which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted this Order to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based on the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following specific properties, and all right, title, and interest of Defendant JAVAD AGHALOO in the following specific properties are hereby forfeited to the United States pursuant to Title 18, United States Code, Section 982(a)(7), 981 (a)(1)(C), and Title 28, United States Code, Section 2461(c), for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n):

Case 3:23-cr-00616-JO    Document 73    Filed 04/26/24    PageID.518    Page 5 of 8

a. $1,428,717.56 in funds from Acct ending in 5622 held in the name of Javad S. Aghaloo, DDS, a Professional Corporation, d/b/a Southwest Dental Group at Wells Fargo bank;

b. $27,657.13 in funds from Acct ending in 5275 held in the name of Aghaloo DDS Incorporation, Shadow Group at Wells Fargo bank;

c. 2017 BMW M6, VIN: WBS6E9C31HG437524 CAL License Platw K429A0;

d. Real property located at 325 7th Avenue, Unit 1207, San Diego, California 92101 including all appurtenances, improvements, and attachments thereon, more particularly described as:

   APN: 535-563-37-15

   LEGAL DESCRIPTION:

   PM19494 PAR 2*US1207PER DOCS06-331566&07-575990&UND INT IN.

e. Real property located at 2267 Aurora Court, El Centro, California 92243 including all appurtenances, improvements, and attachments thereon, more particularly described as:

   APN: 052-455-028-000

   LEGAL DESCRIPTION:

   LOT 11A COC-LLA DESERT ESTATES SUB UNIT NO 4 CITY OF EL CENTRO.

f. Real property located at 82602 Tivoli Lane, Indio, California 92203 including all appurtenances, improvements, and attachments thereon, more particularly described as:

   APN: 692-200-066

   LEGAL DESCRIPTION:

   .19 ACRES ]NET IN LOT 66 MB 348/001 TR 31072 Lot 66 SubdivisionName TR 31072 Acres 000.19 NET LotType Lot RecMapType Map Book MapPlatB 348 MapPlatP 001.

g. Real property located at 1502 South La Brucherie Road, El Centro, California 92243 including all appurtenances, improvements, and attachments thereon, more particularly described as:

APN: 052-453-068-000

LEGAL DESCRIPTION:

LOT 2 BLK 1 LA DONNA VILLAGE SUB 1 & VACATED ALLEY.

2. The aforementioned forfeited assets are to be held by the Federal Bureau of Investigation and United States Marshals Service in its secure custody and control.

3. Based on the guilty plea of Defendant JAVAD AGHALOO Defendant shall also forfeit to the United States the sum of $8,476,466.23 in the form of a personal forfeiture money judgment against him representing the gross proceeds he personally received from his involvement in the commission of the offenses set forth in Count 3.

4. The forfeiture money judgment is in favor of the United States against Defendant JAVAD AGHALOO in the amount of $8,476,466.23, with interest to accrue thereon from the date of sentencing in accordance with Title 18, United States Code, Section 3612(f) and Title 28, United States Code, Section 1961. Defendant shall receive credits to the money judgment amount of $8,476,466.23 for the amounts forfeited and deposited into the Asset Forfeiture Fund (AFF) from assets (a) through (g) after deducting costs of sale and liquidation by the Government and payment of any third party petitions in the forfeiture proceedings.

5. Defendant agreed that the provisions for the substitution of assets applies to this personal forfeiture money judgment and the United States is hereby authorized to take any and all actions available to it to collect the full amount of the judgment which is Ordered *in addition to* the forfeiture of the specific properties listed.

6. Pursuant to Rule 32.2(b)(3), the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which the Order of Forfeiture may be enforced.

1    7.    The United States may, at any time, move pursuant to Rule 32.2(e) to amend the Order of Forfeiture to substitute property having a value not to exceed $8,476,466.23, with accrued interest, to satisfy the forfeiture money judgment in whole or in part.

8.    The United States may take any and all actions available to it to collect and enforce the forfeiture money judgment.

9.    This Court shall retain jurisdiction in the case for the purpose of enforcing the Order of Forfeiture and collecting and enforcing the forfeiture money judgment.

10.    Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

11.    Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the specific properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited specific properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

12.    This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the

petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

13. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the specific properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

14. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n) as to the aforementioned assets, in which all interests will be addressed.

15. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: 4/26/24

Honorable Jinsook Ohta
United States District Judge